UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN PATRICK DAVIDSON,<br><br>                    Petitioner,<br><br>v.<br><br>W.J. SULLIVAN,<br><br>                    Respondent. | Case No.: 17cv421-H (MDD)<br><br>**ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[ECF No. 3]** |

Petitioner, proceeding *pro se* and *in forma pauperis* ("IFP") with a Petition for Writ of Habeas Corpus [ECF No. 1] filed pursuant to 28 U.S.C. § 2254, and currently incarcerated at the California Correctional Institute State Prison in Tehachapi, California, has submitted a motion in which he requests that the Court appoint counsel for him [Doc. No. 3].  In support, Petitioner argues counsel should be appointed to assist him in the case because Petitioner "is a layperson, indigent, and as expressed by the lower courts, the success of this petition is hinged on factual development which will require an expert witness, and other resources currently outside of the incarcerated petitioner's means."  (ECF No. 3 at 1).

1

Having considered the request submitted by Petitoner and the applicable law, and for the reasons set forth below, Petitioner's Motion for Appointment of Counsel is **DENIED** without prejudice.

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. *See McClesky v. Zant*, 499 U.S. 467, 495 (1991); *Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996) (noting that there currently exists no constitutional right to appointment of counsel in habeas proceedings); *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). However, courts may appoint counsel for financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 where "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); *Chaney*, 801 F.2d at 1196. Whether or not to appoint counsel is a matter left to the court's discretion, unless an evidentiary hearing is necessary. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728-30 (9th Cir. 1986) (explaining that the interests of justice require appointment of counsel when the court conducts an evidentiary hearing on the petition).

A court's discretion to appoint counsel may be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1238, 1331 (9th Cir. 1986)).

Petitioner has failed to demonstrate to the Court that appointment of counsel is warranted in this case. Having reviewed Petitioner's filings in this case, the Court finds that Petitioner has sufficient grasp of his claims for

habeas relief and the legal issues involved in those claims, and also is able to articulate those claims adequately without assistance. *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987) (affirming district court's denial of request for appointment of counsel where pleadings demonstrated petitioner had a "good understanding of the issues and the ability to present forcefully and coherently his contentions"). The Court also finds that Petitioner has not established a likelihood of success on the merits. *See Terrell*, 935 F.2d at 1017. Under these circumstances, the Court concludes that this habeas proceeding does not present "exceptional circumstances" justifying the appointment of legal counsel. *Id.* Accordingly, Petitioner's Motion for Appointment of Counsel is **DENIED** without prejudice.

    **IT IS SO ORDERED**.

Dated:   March 24, 2017

_____
Hon. Mitchell D. Dembin
United States Magistrate Judge